IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **CHARLES HENDRIX, SR.** | : | CIVIL ACTION |
| 57 Daymond Street | : | |
| Trenton, NJ 08611, | : | NO. |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **CITY OF TRENTON,** | : | |
| 319 East State Street | : | |
| Trenton, NJ 08608, | : | |
| | : | |
| and | : | **JURY TRIAL DEMANDED** |
| | : | |
| **OFFICER DAVID NEIDERMAN,** | : | |
| **Individually and in his Official Capacity,** | : | |
| City of Trenton Police Department, | : | |
| 225 North Clinton Avenue | : | |
| Trenton, NJ 08609, | : | |
| | : | |
| and | : | |
| | : | |
| **OFFICER JASON WOODHEAD,** | : | |
| **Individually and in his Official Capacity,** | : | |
| City of Trenton Police Department, | : | |
| 225 North Clinton Avenue | : | |
| Trenton, NJ 08609, | : | |
| | : | |
| and | : | |
| | : | |
| **JOHN DOES (1-99)** | : | |
| | : | |
| **Defendants.** | : | |

**CIVIL ACTION - COMPLAINT**

-1-

Plaintiff Charles Hendrix, Sr. (hereinafter "Plaintiff"), by and through his attorneys, Frost & Zeff, hereby brings this Complaint against Defendants City of Trenton, Officer David Neiderman and Officer Jason Woodhead (hereinafter "Defendants"), and avers as follows:

### I. INTRODUCTION

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress the violations by Defendants of the rights secured to him by the laws of the United States of America and the State of New Jersey.

### II. JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343(3) and the aforementioned statutory and constitutional provisions.

3. Jurisdiction lies over state law claims based on the principles of supplemental jurisdiction, as codified at 28 U.S.C. § 1367.

4. The amount in controversy exclusive of interest and costs exceeds the sum of One Hundred Thousand ($100,000.00) Dollars.

### III. VENUE

5. All the claims herein arose within the jurisdiction of the United States District Court for the District of New Jersey and involve Defendants who reside within the jurisdictional limits. Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. § 1391(b) and (c).

## IV. PARTIES

6.  Plaintiff Charles Hendrix, Sr. is an adult individual citizen of the State of New Jersey, residing therein at 57 Daymond Street, Trenton, New Jersey 08611.

7.  Defendant City of Trenton is a municipal corporation within the State of New Jersey located at 319 East State Street, Trenton, New Jersey 08608.

8.  Defendant Officer David Neiderman (hereinafter "Officer Neiderman") is, and was at all times material hereto, a police officer with the City of Trenton Police Department located at 225 North Clinton Avenue, Trenton, New Jersey 08609. Officer Neiderman is sued in his individual and official capacities.

9.  Defendant Officer Jason Woodhead (hereinafter "Officer Woodhead") is, and was at all times material hereto, a police officer with the City of Trenton Police Department located at 225 North Clinton Avenue, Trenton, New Jersey 08609. Officer Woodhead is sued in his individual and official capacities.

10. Defendants John Does (1-99) are fictitious Defendants, whose identities are unknown at this time.

## V. FACTS

11. Plaintiff is a fifty-three (53) year old African-American male.

12. On September 2, 2004, Plaintiff was lawfully outside his home at 57 Daymond Street, Trenton, New Jersey.

13. At approximately 6:00 p.m. on September 2, 2004, Defendants Officers Neiderman and Woodhead approached Plaintiff's residence and ordered Plaintiff inside his house.

14. Plaintiff complied with the Officers instruction.

15. At this time, Plaintiff, who was unable to see the Defendant Officers from inside his home, opened his front screen door in an effort to advise several neighborhood children to leave the area while the police were present.

16. Officer Neiderman immediately screamed at Plaintiff: "Shut the fucking door."

17. Officer Neiderman than proceeded to close the screen door on Plaintiff's head, then rip the screen door off its hinges and enter Plaintiff's residence.

18. Officer Neiderman then punched Plaintiff in the nose, breaking it.

19. Officer Woodhead then joined in the assault and the two officers proceeded to beat Plaintiff repeatedly, knocking Plaintiff to the floor.

20. During the course of the assault, Officer Neiderman stated to Officer Woodhead "I'm gonna kill this mother fucker."

21. Officer Woodhead then pepper sprayed Plaintiff.

22. Officer Neiderman then choked Plaintiff.

23. Officer Neiderman then came down upon Plaintiff with his knees landing on Plaintiff's chest, breaking one or more of Plaintiff's right ribs.

24. After they had beaten him, the Defendant Officers physically threw Plaintiff out of his house, down a set of concrete steps and into the street, where Plaintiff landed face-down.

25. The Officers then handcuffed Plaintiff and advised him that he was under arrest.

26. After Plaintiff was handcuffed, one or both of the Defendant officers pushed Plaintiff's head causing it to strike the ground.

27. At no time did Plaintiff resist arrest or in any away provoke the attack by the Defendant Officers.

28. The Defendant Officers' use of force was in excess of any force required to take Plaintiff into custody, grossly out of proportion to any need for the use of force by Defendants, not employed in good faith, and caused severe injuries to Plaintiff.

29. As a direct and proximate result of Defendants' actions, Plaintiff suffered multiple severe injuries including, but not limited to, a fractured nose, multiple right rib fractures, a right hand fracture, injuries to his cervical and lumbosacral spine and other injuries.

30. In connection with this incident, Defendants charged Plaintiff with aggravated assault, resisting arrest, and obstruction of administration of law. All of these charges are frivolous and known to be false at the time they were filed.

### COUNT I
### PLAINTIFF v. DEFENDANTS OFFICER WOODHEAD, OFFICER NEIDERMAN AND JOHN DOES (1-99)
### VIOLATIONS OF 42 U.S.C. § 1983

31. Plaintiff incorporates by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

32. Defendant Officers used excessive force thereby violating Plaintiff's rights under the laws of the Constitution of the United States, in particular, the Fourth Amendment, and his rights under the Constitution and laws of the State of New Jersey.

33. Without any justification or provocation, Defendants willfully and maliciously caused Plaintiff to suffer injuries.

34. As a direct and proximate result of the aforesaid acts of Defendant Officers committed under color of their authority as City of Trenton Police Officers, Plaintiff suffered grievous bodily harm which is a violation by said Defendant Officers of the laws and

Constitution of the United States, in particular, the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983, and was further in violation of the Statutes of the State of New Jersey and the Constitution of the United States all of which makes said Defendants liable to Plaintiff.

35. The acts committed by Defendants constitute intentional misconduct, excessive use of force and deliberate indifference to Plaintiff which caused the previously described bodily injuries to the Plaintiff, monies for legal fees, and other economic losses in violation of his constitutional rights as previously set forth in the aforementioned paragraphs. The acts constitute an excessive use of force all in violation of the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

36. As a result of the aforementioned occurrence, and due to the intentional and willful acts of the Defendants, Plaintiff has, and will in the future, suffer severe bodily injury, pain, emotional distress, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, lost wages, lost wage earning capacity, past and future medical, surgical, hospitalization, nursing, and rehabilitation expenses, and physical restrictions and impairments.

WHEREFORE, Plaintiff Charles Hendrix, Sr. demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and punitive damages.

## COUNT II
## PLAINTIFF v. DEFENDANTS OFFICER WOODHEAD, OFFICER NEIDERMAN AND JOHN DOES (1-99)
## ASSAULT & BATTERY

37. Plaintiff incorporates by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

38. Defendants willfully, intentionally, and maliciously inflicted assaults and batters upon Plaintiff, causing him the bodily injury and damages aforesaid.

39. As a result of the aforementioned occurrence, and due to the intentional and willful acts of Defendants, Plaintiff has, and will in the future, suffer severe bodily injury, pain, emotional distress, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, lost wages, lost wage earning capacity, past and future medical, surgical, hospitalization, nursing, and rehabilitation expenses, and physical restrictions and impairments.

WHEREFORE, Plaintiff Charles Hendrix, Sr. demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and punitive damages.

## COUNT III
## PLAINTIFF v. DEFENDANT CITY OF TRENTON
## VIOLATIONS OF 42 U.S.C. § 1983
## FAILURE TO TRAIN

40. Plaintiff incorporates by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

41. Defendant City of Trenton failed to properly train and supervise the Defendant Police Officers.

-7-

42. As such, Defendant City of Trenton was grossly negligent, deliberately indifferent and reckless with respect to the potential violation of constitutional rights.

43. Defendant City of Trenton's failures were the moving force behind the actions of the Defendant Officers resulting in the injuries to Plaintiff aforesaid.

44. As a direct and proximate result of the acts and omissions of Defendant City of Trenton, Plaintiff has, and will in the future, suffer severe bodily injury, pain, emotional distress, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, lost wages, lost wage earning capacity, past and future medical, surgical, hospitalization, nursing, and rehabilitation expenses, and physical restrictions and impairments.

WHEREFORE, Plaintiff Charles Hendrix, Sr. demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and punitive damages.

## COUNT IV
### PLAINTIFF v. DEFENDANTS OFFICER WOODHEAD, OFFICER NEIDERMAN AND JOHN DOES (1-99)
### **FALSE ARREST**

45. Plaintiff incorporates by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

46. Defendants falsely arrested Plaintiff.

47. As a result of the aforementioned occurrence, and due to the intentional and willful acts of Defendants, Plaintiff has, and will in the future, suffer pain, emotional distress, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, lost wages, lost wage earning capacity, past and future medical, surgical, hospitalization,

nursing, and rehabilitation expenses, and physical restrictions and impairments.

WHEREFORE, Plaintiff Charles Hendrix, Sr. demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and punitive damages.

## COUNT V
### PLAINTIFF v. DEFENDANTS OFFICER WOODHEAD, OFFICER NEIDERMAN AND JOHN DOES (1-99)
### FALSE IMPRISONMENT

48. Plaintiff incorporates by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

49. Plaintiff was falsely imprisoned as a result of the intentional acts of Defendants.

50. As a result of the aforementioned occurrence, and due to the intentional and willful acts of the Defendants, Plaintiff has, and will in the future, suffer pain, emotional distress, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, lost wages, lost wage earning capacity, past and future medical, surgical, hospitalization, nursing, and rehabilitation expenses, and physical restrictions and impairments.

WHEREFORE, Plaintiff Charles Hendrix, Sr. demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and punitive damages.

## COUNT VI
### PLAINTIFF v. DEFENDANT CITY OF TRENTON
### VIOLATION OF 42 U.S.C. § 1983

51. Plaintiff incorporates by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

52. Defendant City of Trenton developed and maintained a number of deficient policies and/or customs which caused the deprivation of Plaintiff's constitutional rights.

53. Defendant City of Trenton's policies and customs encouraged the Defendant Officers to believe that they could violate the constitutional rights of Plaintiff with impunity and with the explicit or tacit approval of the Defendant City of Trenton.

54. As a direct and proximate result of the aforementioned acts and omissions of Defendant City of Trenton, Plaintiff has, and will in the future, suffer severe bodily injury, pain, emotional distress, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, lost wages, lost wage earning capacity, past and future medical, surgical, hospitalization, nursing, and rehabilitation expenses, and physical restrictions and impairments.

WHEREFORE, Plaintiff Charles Hendrix, Sr. demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and punitive damages.

### COUNT VII
### PLAINTIFF v. DEFENDANTS OFFICER WOODHEAD, OFFICER NEIDERMAN AND JOHN DOES (1-99)
### VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT - N.J.S.A. 10:6-2

52. Plaintiff incorporates by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

53. Defendant Officers used excessive force thereby violating Plaintiff's rights under the laws of the Constitution of the United States, in particular, the Fourth Amendment, and his rights under the laws and Constitution of the State of New Jersey.

54. Without any justification or provocation, Defendants willfully and maliciously caused Plaintiff to suffer injuries.

55. As a direct and proximate result of the aforesaid acts of Defendant Officers committed under color of their authority as City of Trenton Police Officers, Plaintiff suffered grievous bodily harm which is a violation by said Defendant Officers of the laws and Constitution of the United States, in particular, the Fourth Amendment to the United States Constitution and N.J.S.A. 10:6-2, and was further in violation of the Statutes of the State of New Jersey and the Constitution of the State of New Jersey all of which makes said Defendants liable to Plaintiff.

56. The acts committed by Defendants constitute intentional misconduct, excessive use of force and deliberate indifference to Plaintiff which caused the previously described bodily injuries to the Plaintiff, monies for legal fees, and other economic losses in violation of his constitutional rights as previously set forth in the aforementioned paragraphs. The acts constitute an excessive use of force all in violation of the Fourth Amendment to the United States Constitution, the State of New Jersey Constitution and N.J.S.A. 10:6-2.

57. As a result of the aforementioned occurrence, and due to the intentional and willful acts of the Defendants, Plaintiff has, and will in the future, suffer severe bodily injury, pain, emotional distress, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, lost wages, lost wage earning capacity, past and future medical, surgical, hospitalization, nursing, and rehabilitation expenses, and physical restrictions and impairments.

WHEREFORE, Plaintiff Charles Hendrix, Sr. demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and punitive damages.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**FROST & ZEFF**

BY: GLZ1868
_____
GREGG L. ZEFF, ESQUIRE
430 Route 70 West
Cherry Hill, NJ 08002
(856) 429-1700
Attorneys for Plaintiff

DATED: 8/21/06