*U*

# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
(609) 989-2144
Fax: (609) 989-0451

CHAMBERS OF
**JOHN J. HUGHES**
UNITED STATES MAGISTRATE JUDGE

CLARKSON S. FISHER U.S. COURTHOUSE
402 E. STATE STREET, ROOM 6000
TRENTON, NJ 08608

February 21, 2007

To All Counsel of Record

RE:   **Hendrix v. Woodhead, et al.**
       **Civil Action No. 06-3942(FLW)**

## LETTER ORDER

Dear Counsel:

This matter comes before the Court by letter dated February 6, 2007 from Herbert I. Waldman, Esquire, Counsel for Defendant Jason Woodhead ("Defendant") seeking to redact three pages from an Internal Affairs report based on (1) irrelevance and protection of an interviewed individual, (2) attorney-client privilege, and (3) Rule 26, the law enforcement privilege, and the self-critical analysis privilege. Gregg L. Zeff, Esquire, Counsel for Plaintiff, submitted a response letter dated February 12, 2007 objecting to the proposed redactions. Mr. Waldman then submitted a follow-up letter dated February 12, 2007 in which he stated that release of the first witness's name to Plaintiff's counsel "would be precisely the type of [] involvement that would convince other individuals not to cooperate with further IA investigations." (See Waldman Ltr. dated Feb. 12, 2007 at 2). The Court reviewed the proposed redactions and Certification of Fred Reister in-camera For the reasons that follow, Plaintiff's Application for disclosure of the redacted material is denied.

**Interviewed Individual Living in the Daymond Street Area**

The Court notes that pursuant to Federal Rule of Civil Procedure 26(b), a party may seek

1

discovery "of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Further, Federal Rule of Civil Procedure 26(c) allows the Court, "for good cause shown," to limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c); see Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994); see also Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995).

After reviewing the statement of the individual, the Court finds that, in essence, the individual indicated that he or she was not in a position to witness the altercation between police officers and Plaintiff on the day in question. Therefore, the Court finds that this person has no information relevant to the present case involving Plaintiff, nor does this person have any information that appears reasonably calculated to lead to the discovery of admissible evidence. Alternatively, there is good cause to preclude exposure of this individual pursuant to Rule 26(c) for fear of retaliation. The Court adopts as a finding Mr. Reister's statement that disclosure of interviewed individuals' identities would chill future police investigations. Therefore, Plaintiff's Application for disclosure of the redacted material regarding the interviewed individual living in the Daymond Street Area is denied.

**Attorney-Client Privilege**

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1). The Third Circuit has identified the following traditional elements of the attorney-client privilege:

2

(1) The asserted holder of the privilege is or sought to become a
client;
(2) The person to whom the communication was made is a member
of the bar of a court or his or her subordinate and in connection with
his communication is acting as a lawyer;
(3) The communication related to a fact of which the attorney was
informed by his client without the presence of strangers for the
purpose of securing primarily either an opinion of law or legal
services or assistance in some legal proceeding, and not for the
purpose of committing a crime or tort;
(4) The privilege has been claimed and not waived by the client.

Wachtel v. Guardian Life Ins. Co., 2006 U.S. Dist. LEXIS 27591, at * 3 (D.N.J. 2006) (citing

Rhone-Poulenc Rorer, Inc. v. Home Indem. Co., 32 F.3d 851, 862 (3d Cir. 1994) (citing In re

Grand Jury, 599 F.2d at 1233)).

After a review of the second proposed redaction, the Court notes that the elements of the

attorney-client privilege are met. The party asserting the privilege is the City of Trenton, a

Defendant in this action. See Reister Cert. at ¶ 1. The Internal Affairs Investigator's notes, which

are contained in the Internal Affairs file, indicate that he contacted a City Attorney for advice. The

notes go on to briefly explain what the City Attorney, acting in her capacity as the City's counsel,

advised the investigator. Therefore, the communication was made by a client, the City of Trenton,

to an attorney, the City Attorney, for the purposes of securing a legal opinion. As a result,

Defendant's second proposed redaction is appropriate pursuant to the attorney-client privilege and

Rule 26(b)(1) and Plaintiff's Application for disclosure of this information is denied.

**Confidential Informant**

Defendants in the present case claim that the law enforcement privilege applies to bar

disclosure of information contained in the report regarding a confidential informant. The executive

or law enforcement privilege doctrine in federal courts is left to the courts to develop on a case-by-

3

case basis. Torres v. Kuzniasz, 936 F. Supp. 1201, 1208 (D.N.J. 1996). "There appears to be no continuity among federal courts regarding what privileges can be invoked by law enforcement officials when defending against a civil rights claim." Id. The General Rules of the United States District Court for the District of New Jersey require that the party claiming the privilege must demonstrate the precise manner in which the document is privileged. Id. (quoting G-69 v. Degnan, 130 F.R.D. 326, 331 (D.N.J. 1990)). Further, the Third Circuit "has rejected 'broadside invocation[s] of privilege' which fail to 'designate with particularity the specific documents or file to which the claim of privilege applie[s].'" Id. (citing United States v. O'Neill, 619 F.2d 222, 225 (3d Cir. 1980)). Therefore, the privilege must be asserted by "the head of the agency claiming the privilege after he or she has personally reviewed the material and submitted 'precise and certain reasons for preserving' the confidentiality of the communications." Id. at 1210 (citing United States v. O'Neill, 619 F.2d at 226).

In a § 1983 case, a claim of governmental privilege "'must be so meritorious as to overcome the fundamental importance of a law meant to insure each citizen from unconstitutional state action.'" Scouler, 116 F.R.D. at 496 (quoting Wood v. Breier, 54 F.R.D. 7, 13 (E.D. Wis. 1972); Crawford, 469 F. Supp. at 262). A claim of executive privilege may protect "state and even municipal executive officials from disclosure of documents in their official capacity." Crawford, 469 F. Supp. at 263. The privilege is designed to protect documents and information whose disclosure would seriously harm the operation of government. Id. at 263-264; see also Roviaro v. United States, 353 U.S. 53, 59 (1957) ("The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.").

4

Courts have considered several factors "in balancing the protection of police files against

the rights of a civil rights claimant." Id. These factors include:

> (1) the extent to which disclosure will thwart governmental processes by
> discouraging citizens from giving the government information;
> (2) the impact upon persons who have given information of having their identities
> disclosed;
> (3) the degree to which governmental self-evaluation and consequent program
> improvement will be chilled by disclosure;
> (4) whether the information sought is factual data or evaluative summary;
> (5) whether the party seeking the discovery is an actual or potential defendant in any
> criminal proceeding either pending or reasonably likely to follow from the incident
> in question;
> (6) whether the police investigation has been completed;
> (7) whether any intradepartmental disciplinary proceedings have arisen or may
> arise from the investigation;
> (8) whether the plaintiff's suit is non-frivolous and brought in good faith;
> (9) whether the information sought is available through other discovery or from
> other sources; and
> (10) the importance of the information sought to the plaintiff's case.

Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973).  When reviewing the factors, "the

balance must be weighed in favor of disclosure to the plaintiff."  Scouler, 116 F.R.D. 497; see also

United States v. O'Neill, 936 F. Supp. at 1210 (explaining that "the balancing test for determining

whether the law enforcement privilege applies must be conducted with an eye toward disclosure").

In the present case, Chief of Staff Fred Reister reviewed the Internal Affairs report and

highlighted specific language contained in a single paragraph to be redacted.  As noted in Scouler,

in applying the Frankenhauser factors, the balance must weigh in favor of disclosure.  However, the

factors weigh against disclosure in the present matter where Plaintiff seeks information regarding a

confidential informant and where the informant appears to have no information relevant to

Plaintiff's case.  First, disclosure of a confidential informant would thwart governmental processes

by discouraging citizens from coming forward with information.  Second, there is significant risk to

5

the confidential informant in this case because one individual has already expressed a fear of retaliation for coming forward. Although it does not appear that government self-evaluation would be chilled by disclosure, the importance of the information sought to Plaintiff's case is minimal. The confidential informant at issue appears to have no information relevant to the present matter. Therefore, the <u>Frankenhauser</u> factors weigh in favor of non-disclosure of the information redacted by Defendant pursuant to the law enforcement privilege. Alternatively, the confidential informant provided no information relevant to this case or that appeared reasonably calculated to lead to the discovery of admissible evidence pursuant to Rule 26(b)(1). Therefore, the information is not discoverable.

**ORDER**

ACCORDINGLY, IT IS, on this 21st day of February, 2007,

ORDERED that Plaintiff's Application for disclosure of the redacted material is DENIED; and it is

FURTHER ORDERED that Defendant shall not be permitted to call the interviewed individual or the confidential informant as witnesses at trial.


/s/ *John J. Hughes*
**JOHN J. HUGHES**
**UNITED STATES MAGISTRATE JUDGE**